IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PATRICIA M. VARIEUR,

    Plaintiff,

v.   Civil Action No. PX 16-3111

BIS GLOBAL,

    Defendant.

******

## MEMORANDUM OPINION

On September 9, 2016, Plaintiff Patricia Varieur, then appearing *pro se*, brought this action against her former employer, BIS Global, for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e-17. *See* ECF No. 1. She served Defendant BIS Global on October 1st and filed her proof of service on October 24th. *See* Summons, ECF No. 6. The proof of service states that Plaintiff served the summons on John Scalia, Senior Counsel at Pillsbury Winthrop Shaw Pittman LLP, via a FedEx package sent to the firm's Washington, D.C. office. *Id.* Plaintiff also sent copies of the summons via FedEx to Philip Schmitz and Michael Socarras who are, according to Plaintiff, BIS Global's Chief Operating Officer and General Counsel, respectively. These copies were sent to BIS Global's headquarters in McLean, Virginia. *Id.* Plaintiff retained counsel shortly after filing her proof of service.

On October 26, 2016, BIS Global's counsel filed a motion to quash service of process or, in the alternative, to dismiss the complaint for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process under Rules 12(b)(2), (3), (4), and (5) of

1

the Federal Rules of Civil Procedure.  ECF No. 8.  On January 9, 2017,[1] Plaintiff submitted an "Amended Initial Response to Motion to Quash."  ECF No. 43.  However, Plaintiff failed to address the validity of the attempted service of process, focusing only on Defendant's challenges to personal jurisdiction and venue.  Plaintiff's service of process, however, is indeed insufficient.  Thus, BIS Global's motion to quash is granted, and all remaining grounds for dismissal are denied without prejudice to refile should Plaintiff properly re-serve BIS Global.

## I.     ANALYSIS

When a defendant challenges service of process, "the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4" of the Federal Rules of Civil Procedure.  *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006); *see also* Fed. R. Civ. P. 4(l)(1).  "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court."  *O'Meara*, 464 F. Supp. 2d at 476 (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984)).  The "plain requirements for the means of effecting service of process," however, "may not be ignored." *Armco*, 733 F.2d at 1089.

Rule 4(h) of the Federal Rule of Civil Procedure governs the service of a corporation within the United States.  Here, Plaintiff attempted to serve BIS Global by mail. Rule 4 does not directly provide for service by mail, but does authorize service upon a corporation by any means allowed by the state where the district court is located or the state where service is to be effected.  *See* Fed R. Civ. P. 4(h)(1)(A).  Plaintiff brought her action in Maryland, attempted to serve Scalia in the District of Columbia, and mailed copies of the summons to Schmitz and Socarras at

---

[1] Plaintiff' initial response (ECF No. 9) was stricken because her counsel at the time was not admitted to practice law in this Court.  ECF No. 18.  The Court permitted refiling once Plaintiff obtained properly-barred counsel. *Id.*

BIS Global's headquarters in McLean, Virginia. Accordingly, the Court will consider the law for service in each of these jurisdictions.

The Maryland Rules permit service on corporations, such as BIS Global, in person, by mail, or, in some circumstances, through substituted service upon the State Department of Assessments and Taxation ("SDAT"). *See* Md. Rule 2–121(a), 2–124(d), 2–124(o). Generally, a corporation's "resident agent, president, secretary, or treasurer" is authorized to accept service. Md. Rule 2–124(d). If a corporate defendant "has no resident agent, or if a good faith attempt to serve the resident agent, president, secretary, or treasurer has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process." *Id.*

Service by mail is effectuated "by mailing to the person to be served a copy of the summons, complaint, and all other papers filed with it by certified mail," requesting "Restricted Delivery," i.e., "show[ing] to whom, date, [and] address of delivery." Md. Rule 2–121(a)(3). Alternatively, a plaintiff may serve a corporation by leaving copies of the summons and complaint with the SDAT if "(i) the corporation has no resident agent; (ii) the resident agent is dead or no longer at the address for service of process maintained with the [SDAT]; or (iii) two good faith attempts on separate days to serve the resident agent have failed." Md. Rule 2–124(o).

The District of Columbia also allows service by mail in certain circumstances. Under D.C. Superior Court Civil Rule 4, service of a person or corporation may be effectuated by "mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." *See* D.C. Super. Ct. R. Civ. P. 4(c)(3), (h)(1). If service is accomplished by mail, an affidavit of service must set forth specific facts demonstrating that the signatory is qualified to accept service on behalf of the corporation. D.C.

Super. Ct. R. Civ. P. 4(l)(2). This requirement mirrors Federal Rule of Civil Procedure 4(l), which instructs that the person effecting service of the summons and complaint must notify the court, through an affidavit, that he or she has served the defendant. Fed. R. Civ. P. 4(l).

Plaintiff's attempt at serving Mr. Scalia was deficient under both Maryland and District of Columbia law. As an initial matter, Plaintiff has not proved that Mr. Scalia is authorized to accept service on behalf of the corporation. Further, even if Mr. Scalia were authorized, the method of service fails to meet either Maryland's or the District of Columbia's service-by-mail requirements. The FedEx receipts attached to Plaintiff's proof of service show that Plaintiff did not request "restricted delivery" as Maryland law requires, but instead requested "direct signature required," which allows FedEx to leave a package with whomever signs for it, regardless of whether that person the intended recipient. Not surprisingly, therefore, the signatory on the summons meant for Scalia is a "DBRAWNER" while the signatory for the summonses sent to Socarras and Schmitz is "PMUMMADI." *See, e.g.*, *Mallard v. MV Transp., Inc.*, No. DKC 11-2997, 2012 WL 642496, at *5 (D. Md. Feb. 27, 2012) ("Plaintiff must show . . . any basis [she] has for believing that the person who signed for delivery was an appropriate individual to accept service under Rule 2–124."). With regard to D.C. law, Plaintiff failed to swear via affidavit that Scalia was served the complaint itself even if he was authorized to accept service. Accordingly, service on Scalia was insufficient.

Plaintiff also arguably attempted to serve process on Philip Schmitz and Michael Socarras by sending a summons to BIS Global's headquarters in Mclean, Virginia. That attempt was deficient under Maryland law for the same reasons discussed above. The service also did not meet Virginia's requirements for service on a corporation. Section 8.01 of the Virginia Code provides in pertinent part:

4

§ 8.01–299 How process served on domestic corporations generally.

Except as prescribed in § 8.01–300 as to municipal and quasi-governmental corporations, and subject to § 8.01–286.1, process may be served on a corporation created by the laws of the Commonwealth as follows:

1. By personal service on any officer, director, or registered agent of such corporation; or

2. By substituted service on stock corporations in accordance with § 13.1–637[2] and on nonstock corporations in accordance with § 13.1–836.[3]

Under Virginia law, service on Michael Socarras is not permitted because he, like Scalia, serves as BIS Global's outside counsel, and no evidence exists that he is authorized to accept service on behalf of the corporation. Philip Schmitz, as BIS Global's Chief Executive Officer,

---

[2] Va. Code Ann. § 13.1–637 Service on corporation.

> A. A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served and may, by instrument in writing, authorize service of process by facsimile by the sheriff, provided acknowledgment of receipt of service is returned by facsimile to the sheriff . . . .
>
> B. Whenever a corporation fails to appoint or maintain a registered agent in this Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1–19.1.
>
> C. This section does not prescribe the only means, or necessarily the required means, of serving a corporation.

[3] Va. Code Ann. § 13.1–836 Service on corporation.

> A. A corporation's registered agent is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the corporation. The registered agent may by instrument in writing, acknowledged before a notary public, designate a natural person or persons in the office of the registered agent upon whom any such process, notice or demand may be served and may, by instrument in writing, authorize service of process by facsimile by the sheriff . . .
>
> B. Whenever a corporation fails to appoint or maintain a registered agent in the Commonwealth, or whenever its registered agent cannot with reasonable diligence be found at the registered office, then the clerk of the Commission shall be an agent of the corporation upon whom service may be made in accordance with § 12.1–19.1.
>
> C. This section does not prescribe the only means, or necessarily the required means, of serving a corporation.

appears from his title to be authorized to accept "personal" service on the corporation's behalf. Va. Code Ann § 8.01-299(1).  No evidence demonstrates that Plaintiff personally served Schmitz, but instead sent a copy of the summons addressed to Scalia to Schmitz via FedEx.  Thus, service on BIS Global via Socarras or Schmitz was not proper.

**II.   CONCLUSION**

For the foregoing reasons, service on Defendant BIS Global is quashed. Plaintiff will be given twenty-one (21) days to effect service properly on Defendant.  Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, insufficient process, and insufficient service of process is denied as moot and without prejudice to refile if Defendant is properly served.  A separate order will follow.


3/27/2017                                                                          /S/
Date                                                              Paula Xinis
                                                                  United States District Judge