IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PATRICIA M. VARIEUR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-3111 |
| BIS GLOBAL, | * | |
| Defendant. | * | |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Plaintiff Patricia Varieur, a former employee of Defendant BIS Global, brings this employment discrimination suit against her former employer. ECF No. 1. BIS Global has moved for this Court either to dismiss this case for lack of personal jurisdiction or to enforce summarily the parties' employment severance agreement and mutual release. ECF No. 50. Varieur has opposed the motion, and requested of this Court that, if this Court lacks jurisdiction in the case, the case be transferred to the Eastern District of Virginia. For the reasons below, the Court DENIES BIS Global's Motion to Dismiss or, in the Alternative, Summarily to Enforce Settlement and TRANSFERS the case to the Eastern District of Virginia.

**I.  Background**

Varieur was an employee of BIS Global from February 2014 through July 2015. ECF No. 1 at 4. After having been terminated from BIS Global, Varieur filed a charge with the Equal Employment Opportunity Commission, alleging unequal pay, hostile work environment, and sexual harassment. ECF No. 1-2 at 1–2. She received her right to sue letter on June 14, 2016. ECF No. 1-2 at 3. Varieur filed suit in this Court on September 9, 2016. ECF No. 1. BIS

Global now moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), for improper venue under Rule 12(b)(3), and for insufficient process under Rule 12(b)(4).[1]

## II. Personal Jurisdiction Over BIS Global

### a. Standard of Review

"A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017). To determine whether personal jurisdiction exists, district courts conduct a two-step inquiry to determine (1) whether the exercise of personal jurisdiction is authorized by the relevant state's long-arm statute; and (2) whether the assertion of personal jurisdiction is consistent with the Due Process Clause of the Constitution. *See Ellicott Mach. Corp., Inc. v. John Holland Party, Ltd.*, 995 F.2d 474, 477 (4th Cir. 1993).

A court may have either general or specific jurisdiction over a defendant. An exercise of general jurisdiction requires that the defendant's contacts with the forum state be sufficiently continuous and systematic to render it "at home" there. *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction requires, among other considerations, that that the plaintiff's claims arise out of the defendant's activities in the forum state. *See ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002).

When a defendant moves for dismissal under Rule 12(b)(2), "the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds

---

[1] BIS Global rightly points out that Varieur filed her response to BIS Global's motion to dismiss well beyond the pleading deadlines set by this Court. BIS Global provides no support, however, to justify striking Varieur's response, and so BIS Global's motion to strike at ECF No. 52 is DENIED.

for jurisdiction by a preponderance of the evidence." *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *see also Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002) ("The plaintiff, of course, has the burden to establish that personal jurisdiction exists over the out-of-state defendant."). Although the party opposing a motion to dismiss under Rule 12(b)(2) "is entitled to have all reasonable inferences from the parties' proof drawn in his favor, district courts are not required . . . to look solely to the plaintiff's proof in drawing those inferences." *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 62 (4th Cir. 1993). Instead, when a court considers a personal jurisdiction challenge without an evidentiary hearing, the court construes all relevant pleading allegations in the light most favorable to the opposing party, but it may consider all submissions by both the plaintiff and the defendant in ruling on the motion. *See id*; *Combs*, 886 F.2d at 676. To determine whether a defendant has made the required prima facie showing of the existence of personal jurisdiction, the court credits the uncontroverted allegations in the plaintiff's complaint, but when a defendant's sworn affidavit contradicts the allegations in the complaint, the plaintiff bears the burden to present an affidavit or other evidence showing jurisdiction exists. *See Wolf v. Richmond Cty. Hosp. Auth.*, 745 F.2d 904, 908 (4th Cir. 1984).

  b. Discussion

  Because BIS Global properly has moved to dismiss Varieur's claim under Rule 12(b)(2), Varieur bears the burden of proving that this Court has personal jurisdiction over BIS Global. This Court must determine not only what Maryland law allows, but also whether exercising jurisdiction comports with the Due Process Clause of the Fourteenth Amendment. *See Rao v. Era Alaska Airlines*, 22 F. Supp. 3d 529, 534 (D. Md. 2014). In response to BIS Global's motion to dismiss, Varieur argues that this Court may exercise personal jurisdiction over BIS Global because Maryland's long-arm statute "allows a court to exercise personal jurisdiction over a

defendant who 'transacts any business or performs any character of work or service in the State.'" ECF No. 51 at 2. Varieur alleges in support of this Court's exercise of jurisdiction that BIS Global had a physical location in Rockville at the time her hiring process began, and that BIS Global and its subsidiaries use IP and physical addresses within Maryland. ECF No. 51 at 1.

Varieur's arguments, however, are misplaced. As the United States Supreme Court recently reaffirmed in *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549 (2017), whether a court may exercise general jurisdiction over an out-of-state corporate defendant centers on whether that corporation feels "at home," and not merely whether a corporation does business in a given jurisdiction. *Id.* at 1559 (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014)). Allowing this case to proceed in Maryland would not comport with due process.

Construing the evidence and pleadings in the light most favorable to Varieur, BIS Global's contacts with Maryland are not sufficient to confer jurisdiction over BIS Global. BIS Global is not incorporated in Maryland, does not maintain its principal place of business in Maryland, and the claims in this case do not arise out of conduct of BIS Global in Maryland.[2] *See BNSF Ry. Co.*, 137 S. Ct. at 1558–59. Rather, BIS Global is incorporated in the Commonwealth of Virginia as of December 30, 2013. ECF No. 50-2 at 3. BIS Global's submissions also reflect that it has maintained its headquarters in McLean, Virginia. ECF No. 50-2 at 5. Notably, Varieur does not take issue with either of these propositions. This Court, therefore, does not have general jurisdiction over BIS Global for Varieur's claim. *See Diamond*

---

[2] The offer of employment made to Varieur is dated January 27, 2014, and accepted on January 31, 2014, well after the company's incorporation in Virginia, and indicates that the offer of employment is from Millennium Technology Group doing business as BIS Global. *Id.* at 5–6. Because Varieur's employment with BIS Global was in Virginia, *id.* at 5, this case arises out of conduct in Virginia. *Cf. BNSF Ry. Co.*, 137 S. Ct. at 1559 ("in-state business . . . does not suffice to permit the assertion of general jurisdiction over claims . . . unrelated to any activity" in the state).

4

*Healthcare of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448, 450 (4th Cir. 2000) (in order to exercise specific jurisdiction over a defendant, the defendant's contacts with the forum state must "relate to the cause of action and create a substantial connection with the forum state"). And because Varieur has not alleged that she interviewed for her job in Maryland, that she worked in Maryland, or that any of BIS Global's conduct as relevant to her case occurred in Maryland, no basis for specific jurisdiction exists.

### III. Venue

#### a. Standard of Review

When considering a Rule 12(b)(3) motion to dismiss for improper venue, the court need not accept the pleadings as true, and the court freely may consider facts outside of the pleadings. *See Silo Point II LLC v. Suffolk Const. Co., Inc.*, 578 F. Supp. 2d 807, 809 (D. Md. 2008). "[I]nferences must be drawn in favor of the plaintiff, and the facts must be viewed as the plaintiff most strongly can plead them." *Id.* Nevertheless, even when no evidentiary hearing is held, the plaintiff still bears the burden of making a prima facie showing that venue is proper. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004).

#### b. Discussion

Even if this Court had personal jurisdiction over BIS Global, Varieur could not make the required showing that Maryland is an appropriate venue for this case. Title VII provides that suit "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the

aggrieved person would have worked but for the alleged unlawful employment practice." 42 U.S.C.A. § 2000e-5(f)(3).

None of these venue provisions have been satisfied. BIS Global employed Varieur in Virginia. Further, BIS Global is a Virginia company, with headquarters in Virginia. Accordingly, the unlawful employment practices, as alleged, would have occurred in Virginia at BIS Global's McLean, VA headquarters. Varieur has not presented any argument or evidence to suggest that any of the records related to her employment would be located in Maryland or that, but for the complained-of conduct, she would have worked in Maryland. Therefore, no basis exists on which to find that venue is proper in Maryland.

**IV.     Transfer**

28 U.S.C. § 1631 provides: "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." Similarly, 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[3] Lack of personal jurisdiction may form the basis for transfer under §1406(a). *See Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 522 (D. Md. 2003). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the

---

[3] Further, the venue provision of Title VII provides: "For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3).

6

court in which it was filed had personal jurisdiction over the defendants or not." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962).

To determine whether transfer is in the interest of justice, this Court engages in "an individualized, case-by-case consideration of convenience and fairness." *Salomon v. Wolff*, 2017 WL 3129418, at *2 (D. Md. July 24, 2017) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal marks omitted). Courts "generally favor transfer over dismissal, unless there is evidence that a case was brought in an improper venue in bad faith or to harass defendants." *Zalatel v. Prisma Labs, Inc.*, 226 F. Supp. 3d 599, 613–14 (E.D. Va. 2016); *see also Belfiore v. Summit Fed. Credit Union*, 452 F. Supp. 2d 629 (D. Md. 2006) ("transfer is generally the favored route where the Court has a choice between transfer and dismissal"); *Pendleton v. Mukasey*, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) ("If the district in which the action is brought does not meet the requirements of Title VII's venue provision, then that district court may either dismiss, or if it be in the interests of justice, transfer [the case]. . . . Generally, the interests of justice require transfer to the appropriate judicial district rather than dismissal." (internal marks omitted) (citing *Goldlawr*, 369 U.S. at 466–67)). The transfer of a case to the appropriate forum generally is warranted under the "interest of justice test" if dismissal effectively would terminate the action due to the expiration of the statute of limitations. *Johnson v. Helicopter & Airplane Servs. Corp.*, 389 F. Supp. 509, 523 (D. Md. 1974); *cf. United States v. 255.21 Acres in Anne Arundel Cty., Md.*, 722 F. Supp. 235, 242 (D. Md. 1981); *Boone v. U.S. Parole Comm'n*, 648 F. Supp. 479, 480 (D. Md. 1986) ("Since there is no statute of limitations that would prevent [the plaintiff] from seeking relief in that forum, a transfer of this action under 28 U.S.C. section 1631 is not required.").

This Court finds that transferring Varieur's case to the Eastern District of Virginia is in the interest of justice. Virginia courts may exercise general personal jurisdiction over BIS Global because it is incorporated and has its headquarters in Virginia. Further, BIS Global's alleged violations which form the basis of Varieur's complaint took place while she was working in Virginia.[4] Venue thus is appropriate in the Eastern District of Virginia at minimum because it is a judicial district in the state in which the allegedly unlawful employment practices were committed, if not also because it is the judicial district in which relevant employment records would be maintained and the judicial district in which Varieur would have worked but for BIS Global's alleged unlawful practices. *See* 42 U.S.C.A. § 2000e-5(f)(3); *Young v. AT&T Mobility, LLC*, 2010 WL 2573982, at *2 (D. Md. June 22, 2010) (because plaintiff worked for defendant in Fayetteville, North Carolina, that was the appropriate venue); *see also Walden v. Locke*, 629 F. Supp. 2d 11, 14 (D.D.C. 2009) (Eastern District of Virginia was proper venue for Title VII action when complained-of actions took place during employee's tenure in the Alexandria, Virginia office of the PTO).

Dismissal, by contrast, would bar Varieur from refiling in a Virginia federal court. *See* 42 U.S.C. § 2000e-5(f). Dismissal visits a draconian sanction where, as here, no evidence exists that Varieur's choice to sue in Maryland was made in bad faith or to harass BIS Global. (As BIS Global notes, there was a BIS Global in Maryland until 2015. ECF No. 53 at 3.) Although Varieur's claims may be at risk in light of the severance agreement or because of insufficient process, the interests of justice are best served by allowing the Court with proper jurisdiction to

---

[4] Varieur does not dispute that she was employed in the McLean, Virginia company headquarters, as stated in her offer of employment attached to BIS Global's motion. ECF No. 50-2 at 5. Varieur's complaint also gives an address for BIS Global in McLean. ECF No. 1 at 3. Varieur lists her residence as being in Aldie, Virginia, ECF No. 1-3 at 1.

determine whether dismissal is warranted.[5] *See Estate of Bank*, 286 F. Supp. 2d at 522 ("Because this court has found that personal jurisdiction is lacking, defendant's 12(b)(6) motion regarding the exclusivity of the Iowa's workers' compensation as an avenue for pursuing plaintiffs' claims will not be considered."); *cf. Rao*, 22 F. Supp. 3d at 541.

V.     **Conclusion**

For the reasons detailed above, this case is TRANSFERRED to the Eastern District of Virginia.  A separate order will follow.

| | |
|---|---|
| 10/2/2017 | /S/ |
| Date | Paula Xinis |
| | United States District Judge |

---

[5] The Court notes that at least part of BIS Global's process argument is based on Local Rule 102(2). *See* ECF No. 53 at 3. The disposition of this argument may be affected by the transfer of this case. Similarly, concerns raised by BIS Global about diversity jurisdiction, *see id.*, are altered, if not obviated, by transfer.